IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

C. A. No.: 14-cv-00992-KLM

CHASE BANK USA, N.A.,

    Plaintiff,

v.

MARK H. ONKEN,

    Defendant.

## STIPULATION FOR ENTRY OF DECLARATORY JUDGMENT

Plaintiff Chase Bank USA, N.A. ("Chase") and Defendant Mark H. Onken ("Onken") have agreed to the entry of this Stipulation for Entry of Declaratory Judgment by the Court without trial or adjudication of any issue of fact or law.

**I.   PARTIES**

    A.    Plaintiff Chase is a national banking association with its main office in Wilmington, Delaware.

    B.    Defendant Onken is a resident of the State of Colorado.

**II.   BACKGROUND**

On or about March 17, 2014, Chase was notified by the American Arbitration Association ("AAA") that Onken had filed a Demand for Arbitration against Chase and LVNV Funding, LLC pursuant to the AAA's Supplementary Procedures for Consumer-Related Disputes. Onken's submission to the AAA included an outdated and superseded copy of a purported Chase cardmember agreement, provided by Onken's counsel for the arbitration, World

DMEAST #19420140 v1

Law Group. This outdated and superseded agreement contained an arbitration provision formerly permitting the arbitration of claims against Chase. World Law Group never asked Onken for a copy of his most recent Chase cardmember agreement. Pursuant to his Demand for Arbitration, Onken claimed that he had "disputed debt" with Chase that implicated FDCPA violations. Further pursuant to his Demand for Arbitration, Onken sought actual damages of $10,000.00 based on debt Onken incurred using a Chase credit card. Prior to the initiation of the arbitration, Chase sold the debt at issue and Onken has since settled with the subsequent owner.

### III. FINDINGS AND CONCLUSIONS

A. On April 7, 2014, Chase filed its Complaint in this case seeking declaratory relief declaring and holding that Onken is not entitled to arbitrate his claim against Chase.

B. Onken has no right to arbitrate his dispute with Chase because Chase amended its Cardmember Agreement with Onken when it mailed him a Cardmember Agreement that was effective February 22, 2010 and that did not contain any provision permitting him to arbitrate any of his disputes with Chase. Chase has not otherwise agreed or consented to arbitration with Onken of his claims.

### IV. DECLARATORY RELIEF

On the basis of the above findings, and for the purpose of effecting this Stipulation for Entry of Declaratory Judgment, IT IS HEREBY ORDERED AND DECREED that Onken is not entitled to arbitrate his claim against Chase.

_____  
Gregory P. Szewczyk (No. 46786)  
BALLARD SPAHR LLP  
1225 17th Street, Suite 2300  
Denver, CO 80202-5596  

_____  
Mark H. Onken  
9313 Portmamock Cl.  
Patton, CO 80831  
719.306.5253

303.299.7382
szewczykg@ballardspahr.com       *Defendant*

Beth Moskow-Schnoll
Erika R. Caesar
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
(302) 252-4465
moskowb@ballardspahr.com
caesare@ballardspahr.com

*Attorneys for Plaintiff*

Dated: August 5, 2014

SO ORDERED this 29th day of September, 2014.

_____
Magistrate Judge Kristen L. Mix